the bonds to hold them uncancelled until the person executing the bonds paid the same, the company holds the same under a right of conventional subrogation.

2. APPEAL AND ERROR, § 499*—*when objection to amount of solicitor's fees not preserved for review.* Objection to the amount of solicitor's fees allowed by a decree of foreclosure under the terms of a trust deed cannot be first raised on appeal.

3. PRINCIPAL AND AGENT, § 179*—*when third party not liable as undisclosed principal.* Where bonds are executed under seal in the name of a certain person, a third person cannot be held liable thereon as an undisclosed principal.

---

## Michael Laurie, Plaintiff in Error, v. Barber Asphalt Paving Company, Defendant in Error.

### Gen. No. 18,317. (Not to be reported in full.)

Error to the Superior Court of Cook County; the Hon. BEN M. SMITH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Affirmed. Opinion filed June 24, 1914.

### Statement of the Case.

Action by Michael Laurie against Barber Asphalt Paving Company, a corporation, to recover for personal injuries received by plaintiff while riding on a board extending from the rear of one of defendant's wagons while being transported to a place in a street for the purpose of repairing the same. The injury resulted from the pole of a rear wagon striking plaintiff after the front wagon on which he was riding had stopped. To reverse a judgment entered on a directed verdict for defendant at the close of all the evidence, plaintiff prosecutes a writ of error.

JAMES D. POWER, for plaintiff in error.

RALPH F. POTTER, for defendant in error.

MR. JUSTICE DUNCAN delivered the opinion of the court.

### Abstract of the Decision.

1. MASTER AND SERVANT, § 250*—*when laborer is fellow-servant with driver of wagon.* A laborer employed with a gang of men to repair asphalt pavement, *held* to be a fellow-servant with the drivers of the wagons used, where they were all working under the direction of one foreman and such laborer was injured by a collision resulting from the negligence of the drivers of the wagons while being transported to repair streets.

2. MASTER AND SERVANT, § 474*—*when servant riding in dangerous position on wagon guilty of contributory negligence.* Evidence *held* sufficient to warrant the jury in finding a member of an asphalt paving gang guilty of contributory negligence in riding on the outside of a wagon box, where he rode in such position of danger against the instructions of his foreman and without his knowledge and without any necessity or excuse for so riding.

---

### L. R. Van Allen, Defendant in Error, v. Western Union Telegraph Company, Plaintiff in Error.

### Gen. No. 18,556.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN D. TURNBAUGH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Reversed and remanded. Opinion filed June 24, 1914.

### Statement of the Case.

Action by L. R. Van Allen against Western Union Telegraph Company in assumpsit to recover damages for loss of time and expenditures resulting from an error in the transmission of a telegram. The telegram delivered by plaintiff to defendant for transmission to plaintiff was as follows:

"If any mail or telegram for me there now, please forward to St. Paul, care Frederic Hotel, to arrive before four P. M. July 10th, after that hold."

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.